NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-4238
_____

NAIL ISSA EL KHATIB,
                                        *Petitioner*
        v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        *Respondent*
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A042-705-845)
Immigration Judge: Honorable Jesus Clemente

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Filed: November 6, 2012)

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Nail Issa El Khatib petitions for review of a Board of Immigration Appeals ("BIA") decision finding him ineligible to apply for relief from removal under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1994) (repealed 1996). We will deny his petition.

**I.**

Petitioner El Khatib, a native and citizen of Venezuela, has resided in the United States as a lawful permanent resident since 1992 and is married to a United States citizen. In 1996, El Khatib pled guilty to involuntary manslaughter in Ohio state court and was sentenced to five- to ten-years imprisonment. In 1998, El Khatib was permitted to withdraw his guilty plea and his initial conviction was vacated. Instead, El Khatib pled guilty to attempted involuntary manslaughter in the commission of misdemeanor assault and was sentenced to one- to five-years imprisonment in state court. The transcript for the change of plea hearing reveals that El Khatib was permitted to withdraw his initial guilty plea because "he was not sufficiently apprised of the consequences of his plea with respect to deportation." App. at 15.

In June 2010, El Khatib pled guilty to possession of a firearm with an obliterated serial number in violation of 26 U.S.C. § 5861(h) (2006). Thereafter, the Department of Homeland Security initiated removal proceedings. El Khatib conceded his removability, but argued that he could adjust his status under INA § 245(a), 8 U.S.C. § 1255(a) (2006). Specifically, El Khatib argues that although the aggregate sentences of the Ohio and federal convictions render him inadmissible under INA § 212(a)(2)(B), 8 U.S.C. §

2

1182(a)(2)(B), he is eligible for a waiver of inadmissibility pursuant to former INA §

212(c).

Both the immigration judge and the BIA determined that El Khatib is not eligible

for a waiver of inadmissibility under former INA § 212(c). We agree and thus deny his

petition for review.

## II.

This court reviews legal questions de novo, affording due deference to the BIA's

interpretations of the INA.[1] *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999). It is

the petitioner's burden to demonstrate his eligibility for relief from removal. *See* 8

C.F.R. § 1240.8(d) (2012).

Relief under former INA § 212(c) is only available with respect to convictions

arising from plea agreements made before April 1997. *See INS v. St. Cyr*, 533 U.S. 289,

316, 326 (2001). El Khatib's eligibility for relief thus hinges on whether his 1996

conviction remains a conviction under the INA, or whether, on the other hand, it is his

1998 conviction that counts for purposes of determining his eligibility.

In *Pinho v. Gonzales*, this court deferred to the BIA's interpretation of the term

"conviction" as defined in the INA. 432 F.3d 193, 209-10 (3d Cir. 2005). That

interpretation distinguishes between convictions that are vacated on substantive as

opposed to rehabilitative grounds:

> [I]f a court with jurisdiction vacates a conviction based on a defect
> in the underlying criminal proceedings, the respondent no longer has
> a "conviction" within the meaning of section 101(a)(48)(A). If,

---

[1] This court has jurisdiction under 8 U.S.C. §1252(a).

3

> however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.

*Id.* at 206 (quoting *In re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003)).

In this case, the record makes clear that the Ohio court vacated El Khatib's initial conviction based on a defect in the underlying proceeding. Specifically, the transcript of El Khatib's 1998 plea hearing reflects the Ohio court's conclusion that El Khatib was entitled to withdraw his 1996 plea because "he was not sufficiently apprised of the consequences of his plea with respect to deportation." App. at 15; *see also* Ohio Rev. Code § 2943.031 (requiring courts to personally advise criminal defendants of possible immigration consequences before accepting a guilty plea). Because El Khatib's 1996 conviction was vacated in light of a defect in the initial proceeding, the 1996 conviction does not count as a conviction under the INA. *See In re: Adamiak*, 23.1 & N. Dec. 878 (BIA 2006). Instead, it is El Khatib's 1998 conviction that must be used to determine his eligibility for relief under former INA § 212(c). As El Khatib's 1998 conviction post-dates the eligibility period for relief under that section, El Khatib is statutorily ineligible for § 212(c) relief. It follows that we will deny the petition for review.

4